UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

DAVID MARMOL,

    Debtors.
_____/

DAVID MARMOL,

    Plaintiff.

v.

WELL FARGO,

    Defendant.
_____/

Case No.: 23-20361-SMG

Chapter 11
*(Subchapter V)*

Adv. Proc. No._____

## DEBTOR'S COMPLAINT TO AVOID AND RECOVER PREFERENTIAL AND OTHER TRANSFERS

David Marmol (the **"Debtor"** or the **"Plaintiff"**), through undersigned counsel, hereby files his Complaint to Avoid and Recover Preferential and other Transfers (the **"Complaint"**) against Wells Fargo Bank, National Association (the **"Defendant"**) and alleges as follows:

# GENERAL ALLEGATIONS

1. The Debtor filed a voluntary petition for relief under Chapter 11, Subchapter V of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida, Fort Lauderdale Division (the **"Bankruptcy Court"**), on December 15, 2023 (the "**Petition Date**").

2. The Defendant is a banking institution doing business in the State of Florida.

3. Prior to the Petition Date, one or more of Debtor's affiliated businesses, including Marmol & Sons, Inc. obtained one or more lines of credit facilities with Defendant and/or its predecessors in interest. One of these accounts with Defendant is identified as xxx-8485.

4. Prior to the Petition Date, the Debtors held one or more personal, non-business accounts in his name with the Defendant (collectively, the "Accounts").

5. The Defendant took and received funds and property from Debtor's Accounts, without notice or presentment, 90 days prior to the Petition Date, and the Debtor seeks to avoid and recover those transfers under the Bankruptcy Code.

### A. JURISDICTION AND VENUE

6. The Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§1334 and I57(b)(2)(F), (H), and (O), 11 U.S.C. §§547, 548 and 550, and Rule 7001(1) of the Federal Rules of Bankruptcy Procedure.

10

7.    Venue of this proceeding in this district is proper pursuant to 28 U.S.C. §1409(a).

### B. TRANSFERS TO OR FOR THE BENEFIT OF THE DEFENDANT

8.    During the ninety (90) days prior to the Petition Date, Defendant involuntarily and without notice transferred $35,872.23 from the Plaintiff's personal bank Accounts to the Defendant (the **"90-Day Transfers"**). A copy of the 90-Day Transfers summary is set forth on Exhibit "A" attached to and made a part of this Complaint.

### COUNT I

### AVOIDANCE OF PREFERENTIAL TRANSFER UNDER 11 U.S.C. §547

9.    The Plaintiff Debtor realleges and reincorporates by reference the allegations set forth in paragraphs 1 through 8 above as though fully set forth herein.

10.    This is an action to avoid a preferential transfer.

11.    During the ninety (90) days preceding the Petition Date, the Defendant caused the involuntary 90-Day Transfer on account of an antecedent debt.

12.    The transfer of the 90-Day Transfer may be avoided because they constitute a or multiple transfers of an interest of the Debtor in property:

    a.    to or for the benefit of a creditor;

    b.    for or on account of an antecedent debt owed by the Debtor before such transfer was made;

    c.    made while the Debtor was insolvent;

    d.    made on or within 90 days before the Petition Date;

    e.    that enabled the Defendant to receive more than the Defendant would receive if:

      i.      the case was a case under Chapter 7 of the Bankruptcy Code;

      ii.      the transfer had not been made; and

      iii.      the Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

13. Pre-petition, the Plaintiff Debtor made an oral demand on the Defendant for the 90-Day Transfer.

14. The Defendant has not remitted the amount of the 90-Day Transfer to the Debtor.

15. Prior to bringing this action, the Plaintiff Debtor, through undersigned counsel, has conducted an investigation into any potential defenses pursuant to 11 U.S.C. § 547(c) and is not aware of any that would apply to the 90-Day Transfers at issue here. More specifically, the Plaintiff has reviewed any information that could be obtained relating to, and evidencing, the business dealings and relationship between the Defendant and the Debtor and has not obtained sufficient evidence of any applicable defenses that the Defendant could assert pursuant to 11 U.S.C. § 547(c), or any other provisions of 11 U.S.C. §547.

    WHEREFORE, the Debtor respectfully requests the following relief:

    A.    entry of an order avoiding the 90-Day Transfer made to the Defendant pursuant to § 547(b) of the Bankruptcy Code;

    B.    entry of judgment against the Defendant in an amount not less than the 90-Day Transfer, plus prejudgment interest from the Demand Date;

    C.    awarding costs and expenses of this action including, without limitation,

10

    D.    attorney's fees;

    E.    disallowing any claim that Defendant may have against Debtor, including without limitation, pursuant to and as provided in § 502(d) of the Bankruptcy Code; and

    F.    granting such other and further relief as may be just and proper.

## COUNT II
## RECOVERY OF AVOIDED TRANSFERS UNDER 11 U.S.C. § 550

16.    The Plaintiff Debtor realleges and incorporates by reference the allegations set forth in paragraphs 1 through 15 above as though fully set forth herein.

17.    Pursuant to 11 U.S.C. § 550, to the extent that a transfer is avoided under 11 U.S.C. §§ 544, 547 or 548, the Trustee has the right to recover the property transferred or the value of the property transferred.

18.    The Plaintiff Debtor is entitled to recover all avoided transfers from the Defendant or the value thereof from the Defendant as the Defendant is the initial transferee of the Preference Payments or the entity for whose benefit such transfers were made.

WHEREFORE, the Debtor as Plaintiff respectfully requests the following relief:

    A.    entering judgment against the Defendant and entering a money judgment against said Defendant pursuant to 11 U.S.C. § 550;

    B.    awarding attorney's fees, court costs and interest; and

    C.    granting such other and further relief as may be just and proper.

### COUNT III

### DISALLOWANCE OF CLAIM PURSUANT TO
### BANKRUPTCY CODE SECTION 502(d)

19. The Plaintiff Debtor repeats and realleges the allegations of paragraphs 1 through 15 as though fully set forth herein.

20. Section 502(d) of the Bankruptcy Code provides, in relevant part, that the claim of any entity or transferee receiving a payment that is avoidable under sections 544, 547 or 548 of the Bankruptcy Code shall be disallowed unless the entity or transferee turns over the payment or value of the payment.

21. The Defendant has neither paid nor surrendered the 90- Day Preference Transfers or the value thereof to the Plaintiff. The Plaintiff objects to any and all claims of the Defendant, including, without limitation, all pre-petition and post-petition claims pursuant to section 502(d) of the Bankruptcy Code.

22. By reason of the foregoing, any claim which the Defendant may or has filed must be disallowed pursuant to section 502(d) of the Bankruptcy Code until the 90-Day Preference Period Transfers and any other transfer or the value thereof is returned to the Plaintiff Debtor.

Dated: December 20, 2023.

AXS Law Group, LLC
*Attorneys for Debtor*
2121 NW 2nd Avenue, Suite 201
Miami, FL 33127
Telephone:    (305) 297-1878

By: */s/Aleida Martinez-Molina*
       Aleida Martinez-Molina
       Florida Bar No. 86937

10

# EXHIBIT A

| Wells Fargo Account Ending | Amount Transferred by Wells Fargo | Date of Transfer |
|---|---|---|
| XX1039 | $ 8,692.47 | 10-12-23 |
| XX8948 | $27,179.76 | 10-12-23 |

Case 23-01269-SMG    Doc 1    Filed 12/20/23    Page 8 of 8